THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   STATE FARM LIFE INSURANCE          CASE NO. C11-1272-JCC
10  COMPANY,
                                       FINDINGS OF FACT AND
11              Plaintiff,              CONCLUSIONS OF LAW

12       v.

13  NANCY HANSEN; JARON WEST;
14  KAREN SUE SHERLE; SHELLEY
    WEST; OLYMPIA WEST MCCOY;
15  AND PAMELA WEST VERGES
    REVOCABLE TRUST,
16
17              Defendants.

18       This matter was tried to the Court on September 17, 2012. The claims presented for

19  adjudication were as follows:

20       (1)    Was Pamela West Verges (the deceased, hereinafter "Pamela"[1]) mentally

21  incapacitated to the point that she could not knowingly make changes to beneficiary designations

22  of her life insurance policy through State Farm Life Insurance Company on January 28, 2011 and

23  March 10, 2011?

24  _____

25       [1] The Court refers to the deceased as "Pamela" rather than "Ms. Verges" because
26  defendant Shelley West asserted at trial that Pamela changed her name back to "Pamela West"
    after a divorce and would not wish to be referred to by the last name "Verges."

FINDINGS OF FACT AND CONCLUSIONS OF
LAW
PAGE - 1

1    (2)    Did defendant Nancy Hansen fraudulently induce Pamela to change beneficiary

2  designations of her life insurance policy on January 28, 2011 and March 10, 2011?

3    (3)    Should Ms. Hansen, as a designated beneficiary of Pamela's life insurance policy,

4  be paid the life insurance proceeds State Farm deposited into the registry of the Court on January

5  6, 2012?

6    After bench trial and pursuant to Federal Rule of Civil Procedure 52(a), the Court makes

7  the following findings of fact and conclusions of law:

8  **I.    FINDINGS OF FACT**

9    State Farm sold Pamela a life insurance policy in 1990. The policy had a death benefit in

10  excess of $275,000 on April 4, 2011, when Pamela died.

11    In February 2010, the policy beneficiaries were defendant Shelley West (Pamela's sister),

12  defendant Jaron West (Pamela's nephew), and defendant Olympia West McCoy (Pamela's

13  niece). On January 28, 2011, Pamela changed the beneficiary designations, naming Ms. Hansen

14  as the sole beneficiary. On March 10, 2011, Pamela changed the beneficiary designations again,

15  naming defendant Karen Sue Sherle (her mother), Mr. West, and Ms. Hansen as beneficiaries.

16  This March 10, 2011 beneficiary designation provided for Mr. West to receive $70,000 of the

17  policy proceeds, Ms. Sherle to receive $59,000, and Ms. Hansen to receive the remaining

18  balance of the funds.

19    After Pamela passed away, Mr. West and Ms. Sherle filed claims with State Farm and

20  were paid. Ms. West challenged payment of the remaining policy proceeds to Ms. Hansen,

21  claiming that Pamela was mentally incapacitated when she made changes to the beneficiary

22  designations of the policy, and that Ms. Hansen had fraudulently procured the beneficiary

23  changes. State Farm denied payment to Ms. Hansen, filed this interpleader action, deposited the

24  remaining proceeds into the registry of the Court, and was dismissed. (Dkt. Nos. 1, 31.)

25    At trial, Ms. West asserted that Pamela was mentally incapacitated when she designated

26  Ms. Hansen as a beneficiary of the life insurance policy, and that the changes of beneficiary

1  designation were the product of fraud and undue influence by Ms. Hansen. Aside from her own

2  assertions, Ms. West produced no evidence of such mental incapacity on the part of Pamela or

3  fraud or undue influence exercised by Ms. Hansen.

4        At the time this interpleader action was filed, plaintiff State Farm was an Illinois

5  corporation with its principal place of business in Bloomington, Illinois; defendant/claimant

6  Shelley West was a resident of the state of Oregon; and defendant/claimant Nancy Hansen was a

7  resident of the state of Washington.

8  **II.    CONCLUSIONS OF LAW**

9        This court had jurisdiction to hear this interpleader action under 28 U.S.C. § 1332

10  because State Farm's citizenship differs from that of the claimants. *See Lee v. W. Coast Life Ins.*

11  *Co.*, 688 F.3d 1004, 1008 n.1 (9th Cir. 2012); *Rossetti v. Hill*, 162 F.2d 892, 893 (9th Cir. 1947);

12  Fed. R. Civ. P. 22(b).

13        The substantive law of Washington—the forum state—applies. *See Davis v. Aetna Life*

14  *Ins. Co.*, 279 F.2d 304, 307 (9th Cir. 1960). Each claimant in an interpleader action has the

15  burden of establishing his or her claim to the impleaded money by a preponderance of the

16  evidence. *Fed. Old Line Ins. Co. v. McClintick*, 569 P.2d 1206, 1210 (Wash. Ct. App. 1977).

17  Where a claimant challenges a change of beneficiary on the ground of undue influence, fraud, or

18  incapacity, the claimant has the burden to prove such undue influence, fraud, or incapacity. *See,*

19  *e.g.*, *Baekgaard v. Carreiro*, 237 F.2d 459, 463 (9th Cir. 1956); *Occidental Life Ins. Co. v.*

20  *Gannon*, 360 P.2d 350, 351 (Wash. 1961).

21        Ms. Hansen proved her claim to the impleaded money by showing that the life insurance

22  policy designates Ms. Hansen as the beneficiary of the proceeds remaining after payment of Mr.

23  West and Ms. Sherle. Ms. West did not produce sufficient evidence to meet her burden to show

24  that Pamela lacked the mental capacity to change the beneficiaries of her life insurance policy or

25  that Ms. Hansen procured those changes by fraud or undue influence.

26        Accordingly, the proceeds of Pamela's State Farm life insurance policy should be

FINDINGS OF FACT AND CONCLUSIONS OF
LAW
PAGE - 3

distributed among the beneficiaries designated by her on March 10, 2011. Since State Farm already paid Mr. West and Ms. Sherle the proceeds designated for them under the policy, the balance of the proceeds—represented by the funds impleaded into this court—shall be paid to defendant Nancy Hansen.

A judgment and an order of disbursement of registry funds by the court clerk, consistent with these findings and conclusions, should be entered in favor of defendant Nancy Hansen and may be prepared and presented to the Court by Ms. Hansen's attorney.

SO ORDERED this 26th day of September 2012.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF
LAW
PAGE - 4